# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MIGUEL DE JESUS,
      Plaintiff,

v.                                                   Case No. 16-C-1647

PATRICK MURPHY, et al.,
      Defendants.

## ORDER

Plaintiff, a Wisconsin state prisoner who is representing himself, filed a civil rights complaint under 42 U.S.C. §1983. This matter is before me on plaintiff's motion to proceed without prepayment of the filing fee (Docket #7), his motion to appoint counsel (Docket #2), his motion asking that I allow him to amend his complaint with the assistance of counsel (Docket #9), and for screening of his complaint (Docket #1).

*Plaintiff's Motion to Proceed without Prepayment of the Filing Fee*

The Prison Litigation Reform Act gives courts discretion to allow prisoners to proceed with their lawsuits without prepaying the $350 filing fee, as long as they comply with certain requirements. 28 U.S.C. §1915. One of those requirements is that the prisoner pay an initial partial filing fee. On December 15, 2016, I ordered plaintiff to pay an initial partial filing fee of $2.83. Plaintiff paid that fee on January 30, 2017. As such, I will grant plaintiff's motion to proceed without prepayment of the full filing fee; he must pay the remainder of the filing fee over time as set forth at the end of this order.

*Screening of Plaintiff's Complaint*

Federal law requires that I screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28

U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To proceed under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). I will give a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

*Allegations in the Complaint*

On December 10, 2015, plaintiff, who is confined to a wheelchair, was sent to segregation. He states that the bed and toilet were about eighteen inches off the ground and that there were no bars to assist him. Plaintiff states that he had his wheelchair, but he had to struggle to get in and out of it. As a result of those struggles, plaintiff would

2

stretch the skin on his back, causing it to break and tear and resulting in sores on his lower back.

Plaintiff also alleges that he was "forced" to go to the health services unit (HSU) every day. Although not explicitly stated in his complaint, I assume that segregation was in a different building than HSU because plaintiff makes a point of explaining that he was forced to go "in the wind, snow, rain and cold." (Docket #1 at 4.)

On December 12, 2015, plaintiff began to feel sick. He alleges he told defendant Jane Doe Nurse #1 that he felt weak and dizzy. Defendant Jane Doe LPN/CNA also informed Jane Doe Nurse #1 about plaintiff's condition. Plaintiff states that he advised Jane Doe LPN/CAN every day of his condition (plaintiff does not specify how many day he complained to her). Another nurse (who is not named as a defendant) also informed defendant Jane Doe Nurse #2 about plaintiff's condition.

On December 23, 2015, defendant John Doe second shift segregation sergeant and defendants John Doe second shift correctional officers woke plaintiff to take him to HSU. Plaintiff alleges that he had to sit outside during a snowstorm until a lift van arrived to take him to HSU. Plaintiff states that John Doe correctional officer who brought the lift van struggled to lower the ramp. By the time he lowered the ramp, plaintiff was covered in snow.

On December 27, 2015, plaintiff asserts that Jane Doe LPN/CNA informed defendant Patrick Murphy that the area she was wrapping on plaintiff did not look good. Murphy allegedly looked at the area, told Jane Doe LPN/CNA to clean it and wrap it again with new bandages. Plaintiff states that by the time this occurred, he was so weak

3

that he could not even eat his meals. Murphy refused plaintiff's request to move to HSU, explaining it would be a security issue.

The next day, plaintiff went to HSU again. Jane Doe LPN/CNA removed the bandages and got another doctor (who is not a defendant) to look at the area. That doctor ordered that plaintiff be transported via ambulance to the emergency room as soon as possible.

Plaintiff was admitted to the hospital where he received a transfusion for significant loss of blood and had surgery on the wound. After multiple hospital stays and procedures, plaintiff's condition was resolved.

*Analysis*

To state an Eighth Amendment claim based on deficient medical care, a plaintiff must demonstrate two elements: 1) an objectively serious medical condition; and 2) an official's deliberate indifference to that condition. *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011) (citing *Johnson v. Snyder*, 444 F.3d 579, 584 (7th Cir. 2006)). Plaintiff has sufficiently alleged that defendant Murphy was deliberately indifferent to his serious medical needs. I will also allow plaintiff to proceed against Jane Doe Nurse #1 and Jane Doe Nurse #2, although that is a closer call. Construing plaintiff's allegations broadly, it appears that both of these nurses were informed of plaintiff's deteriorating condition yet did not examine him or address his complaints. That is sufficient at this stage to proceed.

I will not allow plaintiff to proceed against Jane Doe LPN/CNA. Although he alleges that he complained to her daily about his condition, he also alleges that she let him know that she was informing the nurses about his complaints. Jane Doe LPN/CNA

4

also brought plaintiff's condition to the attention of defendant Murphy and then to the attention of other doctors in an effort to obtain help for him. These actions do not demonstrate deliberate indifference.

Also, I will not allow plaintiff to proceed against any of the defendant John Doe correctional officers or sergeants based on his allegations that he was forced to wait outside in the snow for a van to transport him to HSU. To state such a claim, plaintiff would have had to allege that the conditions he endured were sufficiently serious and that defendants were deliberately indifferent to his situation. Plaintiff's allegations that he had to wait outside in the snow for the van to arrive and for the ramp to be lowered are not sufficiently serious to state a claim. Although this temporary, one-time inconvenience was unwelcome and unpleasant, it was not so serious that it violated the Constitution.

Finally, plaintiff does not indicate whether he notified anyone about the difficulties he was having moving around in his cell and the harm he was allegedly suffering as a result. Without that information, I will not allow him to proceed on a claim in connection with those allegations.

*The Plaintiff's Motion for Counsel and*
*Motion for Leave to Amend his Complaint with the Assistance of Counsel*

I have discretion to recruit counsel to represent a litigant who is unable to afford one in a civil case. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). Before I will do so, a plaintiff must demonstrate that he has made a reasonable attempt to secure counsel on his own. This district requires that a plaintiff contact at least three

attorneys and then provide the court with the names of the attorneys, the dates of contact, and the attorneys' responses, if possible.

After I am satisfied that a plaintiff has made a reasonable attempt to secure counsel on his own, I examine "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (citing *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007)). This inquiry focuses not only on a plaintiff's ability to try his case, but also includes other "tasks that normally attend litigation" such as "evidence gathering" and "preparing and responding to motions." *Id.*

Plaintiff did not demonstrate that he made a reasonable attempt to locate counsel on his own, so I will deny his motion. I note, however, that, even if plaintiff had made the required showing, I still would have denied his request. I do not believe that this case is so difficult that he cannot coherently present it on his own at this time. I have allowed plaintiff to proceed on a deliberate indifference claim against three defendants. At the end of this order, I will require defendant Murphy to respond to plaintiff's complaint. If he does so, I will enter a scheduling order setting a discovery deadline. During discovery, plaintiff may serve defendant Murphy with written questions and/or ask him to produce documents that plaintiff believes will support his version of the events. During discovery, plaintiff may also ask questions of Murphy in an attempt to identify the Doe defendants.

In my scheduling order, I will also set a deadline for the parties to file dispositive motions (e.g., a motion for summary judgment). In the event defendants' file such a motion, plaintiff must respond by telling his version of the events. He may support his

arguments with a declaration pursuant to 28 U.S.C. §1746[1] and any documents or information he obtains in discovery. Plaintiff is cautioned to adhere to Civil Local Rule 56(b)(2), which requires plaintiff to respond both to defendants' brief and to defendants' statement of facts. (E.D. Wis.)

Plaintiff's complaint demonstrates that he has a good grasp of his claims and that he is able to clearly communicate why he believes he is entitled to the relief he seeks. The issues are not overly complex and will rely principally on plaintiffs' personal knowledge and the interactions he had with defendants. Plaintiff's filings to date have been organized and easy to understand. Thus, I conclude that plaintiff is capable of representing himself at this time.

Because I am denying plaintiff's motion for the appointment of counsel at this time, I will also deny his motion asking for the opportunity to amend his complaint with the assistance of counsel. I understand that plaintiff has some upcoming medical procedures that may make it difficult for him to pursue his case. If plaintiff needs additional time during the litigation, he should request additional time and explain why he needs it. At this point, however, there is nothing for plaintiff to do but wait for defendant Murphy to respond to his complaint.

**THEREFORE, IT IS ORDERED** that plaintiff's motion to proceed without prepayment of the filing fee (Docket #7) is **GRANTED**.

**IT IS ALSO ORDERED** that the warden of the institution where plaintiff is confined, or his designee, shall collect from plaintiff's prisoner trust account the $347.17

---

[1] Such a declaration should conclude with the following: "I declare under penalty of perjury that the foregoing is true and correct. Executed on [date]. [Signature]." 28 U.S.C. §1746(2).

7

balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). Payments shall be clearly identified by case name and number.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Patrick Murphy.

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, defendant Murphy shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that defendant Jane Doe LPN/CNA, John Doe First Shift Segregation Sergeant, Jon Doe Sergeants, John Doe First Shift Correctional Officers, John Doe Correctional Officer, John Doe Correctional Officer who Brought the Lift Van, John Doe Second Shift Segregation Sergeant, and John Doe Second Shift Correctional Officers are **DISMISSED**.

**IT IS ALSO ORDERED** that plaintiff's motion to appoint counsel (Docket #2) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to amend his complaint with the assistance of counsel (Docket #9) is **DENIED**.

**IT IS ALSO ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiff shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202.

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter. As each filing will be electronically scanned and entered on the docket upon receipt by the clerk, plaintiff need not mail copies to defendants. All defendants will be served electronically through the court's electronic case filing system. Plaintiff should also retain a personal copy of each document filed with the court.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 2nd day of February, 2017.

s/ Lynn Adelman
_____
Lynn Adelman
District Judge