# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

___

**MIGUEL DE JESUS**,
              **Plaintiff**,

   v.                                                                   **Case No. 16-CV-1647**

**PATRICK MURPHY,**
              **Defendant.**

___

## ORDER

On May 5, 2017, defendants filed a motion for summary judgment based on plaintiff's failure to exhaust the available administrative remedies. Docket No. 18. Despite my instructions to closely review the requirements described in Federal and Local Rules 56 (*see* Docket No. 23 at 2), plaintiff did not file a response brief nor did he respond to defendant's proposed findings of fact. Instead, he filed a handful of documents, including inmate complaints, decisions on those complaints, and his inmate complaint history report. *See* Docket No. 27. After finding that the documents submitted by plaintiff supported defendant's assertion that plaintiff had failed to exhaust the available administrative remedies before he filed his federal complaint, I granted defendant's motion and dismissed the case. Docket No. 31.

On February 15, 2018, plaintiff filed a motion seeking relief from judgment pursuant to Fed. R. Civ. P. 60(b). Docket No. 33. Relief under this rule "is an extraordinary remedy granted only in exceptional circumstances." *Rutlege v. U.S.*, 230 F.3d 1041, 1052 (7th Cir. 2000) (citations omitted). A plaintiff cannot use this rule as an opportunity to present evidence that he could have, with due diligence, presented

"before judgment on the motion from which the [plaintiff] is seeking relief." *Id.* (citations omitted).

That is precisely what plaintiff is attempting to do here. In his Rule 60(b) motion, plaintiff argues, for the first time, that the administrative remedies were unavailable to him because of his poor mental and physical heath. Plaintiff presents evidence to support his argument, but the evidence was available to him at the time he responded to defendant's motion. As such, plaintiff's arguments are too late. He is not entitled to relief under Rule 60(b). *See Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) ("Belated factual or legal attacks are viewed with great suspicion, and intentionally withholding essential facts for later use on reconsideration is flatly prohibited. Reconsideration is not an appropriate forum for . . . arguing matters that could have been heard during the pendency of the previous motion.")

Therefore, the court **DENIES** plaintiff's motion for relief from judgment pursuant to Rule 60(b) (Docket No. 33).

Dated at Milwaukee, Wisconsin, this 13th day of March, 2018.

s/Lynn Adelman_____
LYNN ADELMAN
United States District Judge